# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Savannah, Georgia
By dreese at 2:58 pm, Apr 04, 2014

In the matter of: )
) Chapter 13
MARY J. LIGUTOM, )
) Number 13-41899
Debtor. )

## OPINION AND ORDER STRIKING PROOF OF CLAIM

This matter is before the Court, sua sponte, on the noncompliance of attorney Raymond B. Bacon of Quadros & Associates, P.C. with the mandatory electronic filing procedures of the United States Bankruptcy Court for the Southern District of Georgia ("Bankruptcy Court"). This Court has jurisdiction over the issues before it pursuant to 28 U.S.C. § 1334, and this matter involving the administration of the bankruptcy estate is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). In accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure, I make the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

Bacon, who is apparently a Virginia lawyer and not admitted to practice in the Southern District of Georgia, conventionally filed (a.k.a. paper filed) a Proof of Claim (Claims Register 4-1) on February 10, 2014 as the authorized agent of Langley Federal Credit Union ("Langley"). In the proof of claim, Langley asserts a $1,155.47 unsecured claim

AO 72A
(Rev. 8/82)

against the debtor.

In response to the conventionally filed document by an attorney in violation of the Bankruptcy Court's rules, the clerk of the bankruptcy court issued a Notice of Non-Compliance with Mandatory Electronic Filing (dckt. 29) that same day. The notice was sent by first class mail to the address listed on the proof of claim. The notice advised that Langley had fourteen days to cure its noncompliance with General Order 2010-1(Electronic Case Files and Administrative Procedures) of the Bankruptcy Court.

Fifteen days later, on February 25, 2014, the clerk issued a Notice of Hearing (dckt. 31) that set a hearing date of March 24, 2014 for the "Notice to Show Cause as to why attorney, Raymond B. Bacon, should be permitted to file conventionally." As before, the notice was sent by first class mail to the address listed on the proof of claim. The hearing notice provided that the matter would be removed from the calendar if Bacon would simply comply with the Bankruptcy Court's mandatory electronic filing procedures prior to the hearing. However, Bacon did not comply with the procedures prior to the hearing. Furthermore, at the March 24, 2014 show cause hearing, neither Bacon nor Langley chose to appear.

One day later, on March 25, 2015, Bacon filed another Proof of Claim (Claims Register 5-1) as the authorized agent of Langley, asserting a $1,167.46 unsecured claim using the Bankruptcy Court's Electronic Case Files system ("ECF"). The reference number on the

account activity report attached to the proof of claim matches the reference number on the account activity report attached to Claim 4.¹ The proof of claim did not indicate that it was amending a previously filed proof of claim. This proof of claim is not under the Court's consideration at this time because the notices (dckts. 29, 31) only pertain to Claim 4. However, the Court notes that the applicable last date to file claims in this case was February 20, 2014, and Claim 5 was filed on March 25, 2014.

## CONCLUSIONS OF LAW

In accordance with Rule 5005(a)(2) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Court, by local rule, requires attorneys, including attorney admitted *pro hac vice*, to file, sign, and verify documents only by electronic means. General Order No. 2010-1 (Bankr. S.D. Ga. Oct. 1, 2010); ECF Local Rules (Bankr. S.D. Ga. Oct. 1, 2013). ECF Local Rule 1 provides in relevant part: Unless otherwise expressly provided, all . . . claims . . . shall be filed electronically using the Electronic Case Files (ECF) system . . . unless otherwise required or permitted by the Court." ECF Local Rule 1.

Attorneys, such as Bacon, have the responsibility to learn and follow the local rules for the courts that they choose to practice in. *See Meredith v. City of Camden Water & Sewer (In re Smith)*, No. 12-40969, 2013 WL 5299136, at *1 (Bankr. S.D. Ga. Sept. 18,

---

¹ The variance between the amounts of Claim 4 and Claim 5 appears to result from additional interest accruing for the period of February 4, 2014 through March 24, 2014 that is included only in Claim 5.

3

2013) (Davis, J.). Despite having this responsibility, Bacon failed to follow the Bankruptcy Court's rules when he filed Claim 4. Exacerbating the problem, he and Langley then failed to timely correct his error after being given ample opportunity to do so. On the same day that Bacon filed Claim 4, the clerk sent a notice that specifically advised Langley and Bacon of their need to comply with the Bankruptcy Court's rules by either filing electronically or filing a "Request for Leave to File Conventionally." Despite Bacon and Langley already being given this two-week "grace period," the Court generously gave them even more time to correct Bacon's error. As stated in the notice, the show cause hearing would have been taken off the calendar if Bacon would have complied at any point up until the actual time of the hearing, which was over forty days after they were first informed of his disregard for the Bankruptcy Court's rules.

The notice of noncompliance warned Bacon that "[f]ailure to comply may result in sanctions being imposed." (Dckt. 29.) In this district, a recent bankruptcy court decision holds that a violation of the mandatory electronic filing procedures is sanctionable under 11 U.S.C. § 105(a). *Meredith*, 2013 WL 5299136, at *2. In addition to this statutory power, bankruptcy courts also have the inherent authority to impose sanctions for violating the court's procedural rules. *See Parker v. Jacobs (In re Parker)*, 485 F. App'x 989, 991 (11th Cir. 2012); *Ginsberg v. Evergreen Sec., Ltd. (In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1263 (11th Cir. 2009) (citing *Gwynn v. Walker (In re Walker)*, 532 F.3d 1304, 1309 (11th Cir. 2001)) ("Federal courts, including bankruptcy courts, possess inherent authority to impose sanctions against attorneys and their clients."). A court derives this power from its

need to manage its affairs in a way that enables the orderly and efficient resolution of cases. *Ginsberg*, 570 F.3d at 1263 (quoting *Bank of N.Y. v. Sunshine-Jr. Stores, Inc. (In re Sunshine Jr. Stores, Inc.)*, 456 F.3d 1291, 1304 (11th Cir. 2006)).

In cases such as this one, where a creditor, acting through its attorney, fails to comply with a bankruptcy court's mandatory electronic filing requirements, one appropriate sanction is to strike the improperly filed paper document. *E.g.*, *In re Maulding Dev., LLC*, No. 10-72715, 2011 WL 2971544, at *3 (Bankr. C.D. Ill. July 20, 2011); *In re Barker*, No. 10-60962, 2011 WL 1322381, at *1 (Bankr. S.D. Ga. Mar. 15, 2011) (Dalis, J.); *In re Thoekary*, No. 07-1100DWS, 2008 WL 5329310, at *1 (Bankr. E.D. Pa. Dec. 19, 2008). When a claim is stricken, it remains visible in the claims register. However, as a legal and practical matter, the claim becomes "a nullity as though it had never been filed." *In re Maulding Dev., LLC*, 2011 WL 2971544, at *3. Under the circumstances of this case, I conclude that it is appropriate to strike Claim 4 because it was improperly filed and Bacon and Langley failed to comply with the Court's lawful orders and rules, despite being given abundant opportunity to do so.

ORDER

For the foregoing reasons, Langley Federal Credit Union's Proof of Claim (Claims Register 4-1) that was conventionally filed on February 10, 2014 is STRICKEN.

Dated at Savannah, Georgia, this 4th day of April, 2014.

_____
Edward J. Coleman, III
United States Bankruptcy Judge